MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
AGUSTIN GARCIA MORAN, MOISES
DOMINGUEZ, and ROGELIO CAYETANO
*individually and on behalf of others similarly*      **18-cv-02498-JPO**
*situated,*

                                *Plaintiff,*         **FIRST AMENDED COMPLAINT**

            -against-                                 **COLLECTIVE ACTION UNDER**
                                                      **29 U.S.C. § 216(b)**
ORGANIC 7 MARKET INC.   (D/B/A 7
MARKET PLACE INC.), HENRY                                **ECF Case**
YOUNSUB BYUN, and HEIDI KIM,

                                *Defendants.*
-------------------------------------------------------X

        Plaintiffs Agustin Garcia Moran, Moises Dominguez, and Rogelio Cayetano ("Plaintiffs),

individually and on behalf of others similarly situated, by and through their attorneys, Michael

Faillace & Associates, P.C., upon their knowledge and belief, and as against Organic 7 Market

Inc. (d/b/a 7 Market Place Inc.), ("Defendant Corporation"), Henry Younsub Byun and Heidi

Kim, ("Individual Defendants"), (collectively, "Defendants"), allege as follows:

<u>NATURE OF ACTION</u>

        1.      Plaintiffs are current and former employees of Defendants Organic 7 Market Inc.

(d/b/a 7 Market Place), Henry Younsub Byun, and Heidi Kim.

        2.       Defendants own, operate, or control a deli, located at 707 2nd Ave, New York, NY

10016 under the name "7 Market Place Inc.".

3.     Upon information and belief, individual Defendants Henry Younsub Byun and Heidi Kim, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the deli as a joint or unified enterprise.

4.     Plaintiffs are current and former employees of Defendants.

5.     Plaintiffs have been employed as general assistants and delivery workers, at the deli located at 707 2nd Ave, New York, NY 10016.

6.     At all times relevant to this Complaint, Plaintiffs have worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that they have worked.

7.     Rather, Defendants have failed to maintain accurate recordkeeping of the hours worked, failed to pay Plaintiffs appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8.     Further, Defendants have failed to pay Plaintiffs the required "spread of hours" pay for any day in which they have had to work over 10 hours a day.

9.     Defendants' conduct has extended beyond Plaintiffs to all other similarly situated employees.

10.     At all times relevant to this Complaint, Defendants have maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

11.     Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein

the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

12.     Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

13.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

14.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a deli located in this district. Further, Plaintiffs have been employed by Defendants in this district.

## PARTIES

*Plaintiffs*

15.     Plaintiff Agustin Garcia Moran ("Plaintiff Garcia" or "Mr. Garcia") is an adult individual residing in Bronx County, New York.

16.     Plaintiff Garcia was employed by Defendants at 7 Market Place Inc. from approximately 2009 until on or about March 27, 2018.

17.     Plaintiff Moises Dominguez ("Plaintiff Dominguez" or "Mr. Dominguez") is an adult individual residing in New York County, New York.

18.     Plaintiff Dominguez was employed by Defendants at 7 Market Place Inc. from approximately February 2016 until on or about April 20, 2018.

19.     Plaintiff Rogelio Cayetano  ("Plaintiff Cayetano" or "Mr. Cayetano") is an adult individual residing in Bronx County, New York.

20.     Plaintiff Cayetano has been employed by Defendants at 7 Market Place Inc. from approximately 2010 until on about January 2012 and from approximately January 2014 until the present date.

21.     Plaintiffs consent to being party plaintiffs pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as representative parties of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

22.     At all relevant times, Defendants own, operate, or control a deli, located at 707 2nd Ave, New York, NY 10016 under the name "7 Market Place Inc.".

23.     Upon information and belief, Organic 7 Market Inc.  (d/b/a 7 Market Place Inc.) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 707 2nd Ave, New York, NY 10016.

24.     Defendant Henry Younsub Byun is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Henry Younsub Byun is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Henry Younsub Byun possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

25.     Defendant Heidi Kim is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Heidi Kim is sued individually in

her capacity as owner, officer and/or agent of Defendant Corporation. Defendant Heidi Kim possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. She determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## **FACTUAL ALLEGATIONS**

### *Defendants Constitute Joint Employers*

26.     Defendants operate a deli located in the Midtown East section of Manhattan in New York City.

27.     Individual Defendants, Henry Younsub Byun and Heidi Kim, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, and control significant functions of Defendant Corporation.

28.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

29.     Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

30.     Defendants jointly employed Plaintiffs (and all similarly situated employees) and are Plaintiffs' (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

31.     In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

32.    Upon information and belief, Individual Defendants Henry Younsub Byun and Heidi Kim operate Defendant Corporation as either an alter ego of themselves and/or fail to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

    a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

    b)  defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

    c)  transferring assets and debts freely as between all Defendants,

    d)  operating Defendant Corporation for their own benefit as the sole or majority shareholders,

    e)  operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed Corporation,

    f)  intermingling assets and debts of their own with Defendant Corporation,

    g)  diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

    h)  Other actions evincing a failure to adhere to the corporate form.

33.    At all relevant times, Defendants have been Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants have had the power to hire and fire Plaintiffs, have controlled the terms and conditions of employment, and have determined the rate and method of any compensation in exchange for Plaintiff Garcia's services.

34.    In each year from 2012 to 2018, Defendants have, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

35.     In addition, upon information and belief, Defendants and/or their enterprise have been directly engaged in interstate commerce. As an example, numerous items that are used in the deli on a daily basis are goods produced outside of the State of New York.

*Plaintiffs*

36.     Plaintiffs are current and former employees of Defendants who have been employed as general assistants and delivery workers. Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Agustin Garcia Moran*

37.     Plaintiff Garcia was employed by Defendants from approximately 2009 until on or about March 27, 2018.

38.     Defendants employed Plaintiff Garcia as a general assistant and delivery worker.

39.     Plaintiff Garcia regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

40.     Plaintiff Garcia's work duties required neither discretion nor independent judgment.

41.     Throughout his employment with Defendants, Plaintiff Garcia regularly worked in excess of 40 hours per week.

42.     From approximately March 2012 until on or about February 2018, Plaintiff Garcia worked from approximately 7:00 a.m. until on or about 7:00 p.m., three days a week and from approximately 7:00 a.m. until on or about 8:00 p.m., three days a week (typically 75 hours per week).

43.     From approximately February 2018 until on or about March 27, 2018, Plaintiff Garcia worked from approximately 7:00 a.m. until on or about 5:00 p.m., 6 days a week (typically 60 hours per week).

44.     Throughout his employment, Defendants paid Plaintiff Garcia his wages in cash.

45.     From approximately March 2012 until on or about August 2017, Defendants paid Plaintiff Garcia a fixed salary of $300 per week.

46.     From approximately August 2017 until on or about December 2017, Defendants paid Plaintiff Garcia a fixed salary of $400 per week.

47.     From approximately January 2018 until on or about March 27, 2018, Defendants paid Plaintiff Garcia a fixed salary of $450 per week.

48.     Plaintiff Garcia's pay never varied even when he was required to stay later or work a longer day than his usual schedule.

49.     For example, Defendants required Plaintiff Garcia to work an additional 1 hour to 2 hours past his scheduled departure time two or three days a week, and did not pay him for the additional time he worked.

50.     In addition, Defendants illegally deducted $60 from Plaintiff Garcia's weekly paycheck for meals.

51.     From approximately March 2012 until on or about July 2015, Plaintiff Garcia was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

52.     Prior to approximately February 2018, no notification, either in the form of posted notices or other means, was ever given to Plaintiff Garcia regarding overtime and wages under the FLSA and NYLL.

53.     Defendants never provided Plaintiff Garcia an accurate statement of wages, as required by NYLL 195(3).

54.     Defendants never provided any notice to Plaintiff Garcia, in English and in Spanish (Plaintiff Garcia's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

55.     Defendants required Plaintiff Garcia to purchase "tools of the trade" with his own funds—including two bicycles, lock and chains, pants and bicycle maintenance.

*Plaintiff Moises Dominguez*

56.     Plaintiff Dominguez was employed by Defendants from approximately February 2016 until on or about April 20, 2018.

57.     Defendants employed Plaintiff Dominguez as a general assistant and delivery worker.

58.     Plaintiff Dominguez regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

59.     Plaintiff Dominguez's work duties required neither discretion nor independent judgment.

60.     Throughout his employment with Defendants, Plaintiff Dominguez regularly worked in excess of 40 hours per week.

61.     From approximately February 2016 until on or about June 2016, Plaintiff Dominguez worked from approximately 7:00 p.m. until 6:00 a.m. or 6:30 a.m., 6 or 7 days per week (typically 66 to 80.5 hours per week).

62.     From approximately June 2016 until on or about early April 2018, Plaintiff Dominguez worked from approximately 7:00 p.m. until 6:00 a.m. or 6:30 a.m., 7 days per week (typically 77 to 80.5 hours per week).

63.     Throughout his employment, Defendants paid Plaintiff Dominguez his wages in cash.

64.     From approximately February 2016 until on or about May 2016, Defendants paid Plaintiff Dominguez a fixed salary of $500 per week when he worked 6 days and an additional $83 when he worked 7 days.

65.     From approximately May 2016 until on or about June 2016, Defendants paid Plaintiff Dominguez a fixed salary of $510 per week when he worked 6 days and an additional $85 when he worked 7 days.

66.     From approximately June 2016 until on or about June 2017, Defendants paid Plaintiff Dominguez a fixed salary of $595 per week.

67.     From approximately June 2017 until on or about January 2018, Defendants paid Plaintiff Dominguez a fixed salary of $619 per week.

68.     From approximately January 2018 until on or about late March 2018, Defendants paid Plaintiff Dominguez a fixed salary of $630 per week.

69.     From approximately February 2016 until on or about early April 2018, Plaintiff Dominguez's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

70.     For example, Defendants regularly required Plaintiff Dominguez to work an additional 30 minutes past his scheduled departure time, and did not pay him for the additional time he worked.

71.     Prior to approximately April 2018, Defendants did not provide Plaintiff Dominguez with any meal breaks.

72.     On about 3 occasions, in about April 2018, Defendants deducted $10 from Plaintiff Dominguez's wages for meals that he did not eat.

73.     On about five occasions, Defendants did not allow Plaintiff Dominguez to record his hours for a Saturday shift.

74.     Prior to approximately February 2018, no notification, either in the form of posted notices or other means, was given to Plaintiff Dominguez regarding overtime and wages under the FLSA and NYLL.

75.     Defendants did not provide Plaintiff Dominguez an accurate statement of wages, as required by NYLL 195(3).

76.     Defendants never provided any notice to Plaintiff Dominguez, in English and in Spanish (Plaintiff Garcia's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Plaintiff Rogelio Cayetano*

77.     Plaintiff Cayetano has been employed by Defendants at 7 Market Place Inc. from approximately 2010 until on about January 2012 and from approximately January 2014 until the present date.

78.     Defendants have employed Plaintiff Cayetano as a general assistant and delivery worker.

79.     Plaintiff Cayetano regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

80.     Plaintiff Cayetano's work duties required neither discretion nor independent judgment.

81.     Throughout his employment with Defendants, Plaintiff Cayetano regularly worked in excess of 40 hours per week.

82.     From approximately January 2014 until on or about January 2018, Plaintiff Cayetano worked from approximately 6:45 a.m. until on or about 7:00 p.m. 6 days per week (typically 73.5 hours per week).

83.     From approximately January 2018 until on or about April 2018, Plaintiff Cayetano worked from approximately 7:45 a.m. until on or about 7:00 p.m. Mondays and Fridays, from approximately 8:45 a.m. until on or about 6:00 p.m. Tuesdays, from approximately 8:45 a.m. until on or about 7:00 p.m. Thursdays and Saturdays, and from approximately 6:45 a.m. until on or about 5:30 p.m. on Sundays (typically 63.25 hours per week).

84.    Throughout his employment, Defendants paid Plaintiff Cayetano his wages in cash.

85.    From approximately January 2014 until January 2018, Defendants paid Plaintiff Cayetano a fixed salary of $550 per week.

86.    From approximately January 2018 until April 2018, Defendants paid Plaintiff Cayetano a fixed salary of $650 per week.

87.    From approximately January 2014 until on or about April 2018, Plaintiff Cayetano's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

88.    For example, Plaintiff Cayetano usually arrived 15 minutes prior to his scheduled start time, and Defendants did not pay him for the additional time he worked.

89.    Prior to approximately February 2018, no notification, either in the form of posted notices or other means, was given to Plaintiff Cayetano regarding overtime and wages under the FLSA and NYLL.

90.    Defendants did not provide Plaintiff Cayetano an accurate statement of wages, as required by NYLL 195(3).

91.    Prior to 2018, Defendants did provided any notice to Plaintiff Cayetano, in English and in Spanish, of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

92.    At all times relevant to this Complaint, Defendants have maintained a policy and practice of requiring Plaintiffs to work in excess of 40 hours a week without paying them the appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

93.     Plaintiffs have been victims of Defendants' common policy and practices which violate their rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages they have been owed for the hours they have worked.

94.     Defendants' pay practices have resulted in Plaintiffs not receiving payment for all their hours worked, and resulting in Plaintiffs' effective rate of pay falling below the required minimum wage rate.

95.     Defendants have habitually required Plaintiffs to work additional hours beyond their regular shifts but have not provided them with any additional compensation.

96.     Defendants have willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

97.     Plaintiffs have been paid their wages in cash.

98.     At all relevant times, Defendants have failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

99.     Upon information and belief, these practices by Defendants have been done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for their full hours worked.

100.     Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

101.     Defendants' unlawful conduct is intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated former workers.

102.     Defendants have failed to provide Plaintiffs and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by

that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

103.     At all relevant times, Defendants have failed to provide Plaintiffs and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

104.     Plaintiffs bring their FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

105.     At all relevant times, Plaintiffs and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime

pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records required by the FLSA.

106.     The claims of Plaintiffs stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

107.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

108.     At all times relevant to this action, Defendants have been Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants have had the power to hire and fire Plaintiffs (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

109.     At all times relevant to this action, Defendants have been engaged in commerce or in an industry or activity affecting commerce.

110.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

111.     Defendants have failed to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

112.     Defendants' failure to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate is willful within the meaning of 29 U.S.C. § 255(a).

113.     Plaintiffs (and the FLSA Class members) have been damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

114.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

115.    Defendants, in violation of 29 U.S.C. § 207(a)(1), have failed to pay Plaintiffs (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

116.    Defendants' failure to pay Plaintiffs (and the FLSA Class members), overtime compensation has been willful within the meaning of 29 U.S.C. § 255(a).

117.    Plaintiffs (and the FLSA Class members) have been damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

118.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

119.    At all times relevant to this action, Defendants have been Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants have had the power to hire and fire Plaintiffs, controlled the terms and conditions of their employment, and determined the rates and methods of any compensation in exchange for his employment.

120.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, have paid Plaintiffs less than the minimum wage.

121.    Defendants' failure to pay Plaintiffs the minimum wage has been willful within the meaning of N.Y. Lab. Law § 663.

122.    Plaintiffs have been damaged in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

123.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

124.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, have failed to pay Plaintiffs overtime compensation

at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

125.     Defendants' failure to pay Plaintiffs overtime compensation has been willful within the meaning of N.Y. Lab. Law § 663.

126.     Plaintiffs have been damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

### OF THE NEW YORK COMMISSIONER OF LABOR

127.      Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

128.     Defendants have failed to pay Plaintiffs one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours has exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

129.     Defendants' failure to pay Plaintiffs an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours is willful within the meaning of NYLL § 663.

130.     Plaintiffs have been damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING

### REQUIREMENTS OF THE NEW YORK LABOR LAW

131.      Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

132.     At all relevant times, Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the  employer; any "doing business as" names used by the employer; the physical address of the employer's main

office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

133.    Defendants are liable to Plaintiffs in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

134.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

135.    With each payment of wages, Defendants have failed to provide Plaintiffs with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

136.    Defendants are liable to Plaintiffs in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION

## RECOVERY OF EQUIPMENT COSTS

137.    Plaintiff Garcia repeats and realleges all paragraphs above as though fully set forth herein.

138.    Defendants have required Plaintiff Garcia to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to

perform his job, further reducing his wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

139.    Plaintiff Garcia has been damaged in an amount to be determined at trial.

## NINTH CAUSE OF ACTION

## UNLAWFUL DEDUCTIONS FROM WAGES IN VIOLATION

## OF THE NEW YORK LABOR LAW

140.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

141.    At all relevant times, Defendants have been Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

142.    Defendants have made unlawful deductions from wages of Plaintiffs (and the FLSA class) including, but not limited to, deductions for meals that were far higher than the deductions permitted by law.

143.    The deductions made from wages of Plaintiffs' and the members of the FLSA class were not authorized or required by law.

144.    Through their knowing and intentional efforts to take unauthorized deductions from the wages of Plaintiffs' and the members of the FLSA class, Defendants willfully violated NYLL, Article 6, §§ 190 *et seq.*, and supporting New York State regulations.

145.    Plaintiffs have been damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants have violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(c)     Declaring that Defendants have violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(d)     Declaring that Defendants have violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violations of the provisions of the FLSA are willful as to Plaintiffs and the FLSA Class members;

(f)     Awarding Plaintiffs and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiffs and the FLSA Class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants have violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(i)     Declaring that Defendants have violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(j)     Declaring that Defendants have violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiffs;

(k)     Declaring that Defendants have violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages and any deductions or credits taken against wages;

(l)     Declaring that Defendants' violations of the provisions of the NYLL are willful as to Plaintiffs;

(m)     Awarding Plaintiffs damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

(n)     Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o)     Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(p)     Awarding Plaintiffs and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(q)      Awarding Plaintiffs and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(r)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(s)     All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated: New York, New York
       June 11, 2018

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:     /s/ Michael Faillace

Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*